**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNDER SEAL**

**UNITED STATES OF AMERICA**

vs.                                                        4:08CR000123-01 JMM

**HUBER RAYMUNDO GARCIA**

**ORDER**

Pending is Defendant's *pro se* "Motion for Reduction of Sentence in Light of the November 1, 2010 Amendments to the U.S.S.G." For the reasons stated below the motion is denied (#37).

On May 8, 2009, Defendant was sentenced to 87 months imprisonment in the Bureau of Prisons and four years supervised release with a $100.00 special penalty assessment.[1] It is Defendant's contention that amendments to the Sentencing Guidelines which came into effect on November 1, 2010, entitle him to a reduction of his sentence.

Defendant seeks this reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to (1) U.S.S.G. § 5H1.1, a policy statement on age as a relevant factor for a departure; (2) U.S.S.G. § 5H1.3, a policy statement on mental and emotional conditions as relevant factors for a departure; (3) U.S.S.G. § 5H1.4, a policy statement on a

---

[1] Defendant's sentence was subsequently reduced pursuant to a Rule 35 on January 11, 2010.

1

defendant's physical condition as a relevant factor for a departure; (4) U.S.S.G. § 5H1.11, a policy statement on past military service as a relevant factor for departure; and (5) U.S.S.G. § 2L1.2 which added paragraph 8 to its Application Notes stating that a downward departure may be appropriate on the basis of a defendant's cultural assimilation.

> 18 U.S.C. § 3582(c)(2) allows a court to reduce an imposed term of imprisonment where a defendant's term of imprisonment is based on a sentencing range subsequently amended by the Sentencing Commission. In applying 18 U.S.C. § 3582(c)(2), a district court must follow a two-step approach: (1) the court must first determine that a reduction is consistent with the policy statements issued by the Sentencing Commission in § 1B1.10 of the Federal Sentencing Guidelines; and (2) the court must then consider any applicable 18 U. S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according to the circumstances of the case. *Dillon v. United States*, --- U.S. ----, ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) (interpreting 18 U.S.C. § 3582(c)(2)).

*United States v. Montes*, 2010 WL 4789194 (E.D. Cal. November 17, 2010).

> § 1B1.10(2) states, "A reduction in defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized by 18 U.S.C. § 3582(c)(2) if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(2).

Defendant's motion fails because "the amendment to § 5H1 under which defendant seeks a reduction are all contained in amendment 739. The amendment to § 2L1.2 under which defendant seeks a departure is contained in amendment 740. . . . [N]either amendment 739 nor 740 are covered by subsection (c) of § 1B1.10." *United States v. Montes*, 2010 WL 4789194 (E.D. Cal. Nov. 17, 2010).[2]

Moreover, none of the guideline sections relied upon by Defendant would actually lower his guideline range. These sections allow for downward departures; they do not alter the sentencing range. *See Brown v. United States*, 2010 WL 4595714 (N.D. Ga. Nov. 4, 2010) (§ 5H1.3 [mental and emotional conditions]); *United States v. Johnson*, 619 F.3d 910, 922 n.4 (8th Cir. 2010) (§ 5H1.1 [age], § 5H1.4 [physical conditions] ); U.S.S.G. § 2L1.2, cmt. app. n.8 (cultural assimilation); U.S.S.G. § 5H1.11 (2010) (military service).

Thus under § 1B1.10(2), a reduction in Defendant's sentence would not be consistent with the policy statements issued by the Sentencing Commission which is a prerequisite to relief under § 3582(c)(2).

Because any reduction of Defendant's sentence would not be consistent with the policy statements issued by the Sentencing Commission, the Court is not obligated to take the second step as set out in *Dillon* of considering applicable § 3553(a) factors. *See*

---

[2] U.S. Sentencing Guidelines Manual § 1B1.10 (2010) (c) states, "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715."

*Dillon v. United States*, --- U.S. ----, ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) (interpreting 18 U.S.C. § 3582(c)(2)).

Relief under 18 U.S.C. § 3582(c)(2) is unavailable to Defendant and his motion is denied.

IT IS SO ORDERED THIS   17   day of   December , 2010.


                                               _____
                                               James M. Moody
                                               United States District Judge